IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                              **CASE NO. 4:18-CR-00426-BSM**

**HENRY MIKE WATKINS, JR.**                                                                 **DEFENDANT**

## ORDER

A.    Application of the Armed Career Criminal Act

Henry Watkins, Jr. will not be resentenced as an armed career criminal because it appears that the Eighth Circuit did not open the door for this; rather, the Eighth Circuit remanded for the limited purpose of curing procedural error.  *See United States v. Watkins*, 91 F.4th 955 *passim* (8th Cir. 2024); *see also United States v. Walterman*, 408 F.3d 1084, 1085 (8th Cir. 2005) (citing *United States v. Logan*, 333 F.3d 876, 878 (8th Cir. 2003); *United States v. Behler*, 187 F.3d 772, 777 (8th Cir. 1999)) ("Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration.").  Even if the Eighth Circuit had opened the door, a jury would have to determine whether Watkins's qualifying offenses were committed on separate occasions.  *See Erlinger v. United States*, 144 S. Ct. 1840, 1852 (2024).

B.    Term of Imprisonment

Watkins will be sentenced to the same term of imprisonment that he was previously given—110 months.  A 110-month sentence is appropriate based on the section 3553(a) factors.  At sentencing, I improperly stated that I did not weigh the section 3553(a) factors

because a guidelines sentence is presumptively reasonable. Looking at this in hindsight, a more accurate statement would have been that, although sentences within the guidelines range are presumed to be substantively reasonable, even when the section 3553(a) factors are considered, a 110-month sentence is appropriate. This is true because Watkins has been found guilty of: (1) robbery; (2) theft by receiving and possession of firearms by certain persons; (3) possession of a controlled substance without a prescription; (4) possession of a controlled substance; (5) third-degree battery; (6) consequences of non-payment; (7) possession of firearms by certain persons; (8) possession of marijuana with intent to deliver, possession of firearms by certain persons, and possession of drug paraphernalia; (9) possession of marijuana with intent to deliver and possession of clonapezam; (10) third-degree domestic battering; (11) third-degree domestic battering and aggravated assault on a family or household member; and (12) violation of a protection order. For these reasons, a 110-month sentence is appropriate based on the nature and circumstances of the offense, Watkins's history and characteristics, and in order to protect the public from further crimes by Watkins. *See* 18 U.S.C. § 3553(a).

    IT IS SO ORDERED this 2nd day of August, 2024.

                                                    UNITED STATES DISTRICT JUDGE